# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KARINA MARTINEZ,

    Plaintiff(s),

v.

JUAN SANCHEZ, et al.,

    Defendant(s).

Case No. 2:22-cv-00520-JCM-NJK

**Order**

[Docket No. 21]

    Pending before the Court is a stipulation to extend deadlines in the scheduling order by 90 days. Docket No. 21. The Court held a hearing on the stipulation on August 3, 2022. *See* Docket No. 23. As discussed below, the stipulation is **GRANTED** in part and **DENIED** in part.

    A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the parties' conduct during the entirety of the period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015) (collecting cases). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

    Both the written stipulation and the argument at the hearing raise issues of concern. First, it appears that the parties stayed their discovery obligations without judicial approval. *But see* Fed. R. Civ. P. 29(b); Local Rule 7-1(b). Second, it appears the parties delayed their discovery obligations based on the hope that the case might settle. *But see United States v. Jaynes Corp.*, 2015 U.S. Dist. Lexis 82928, at *3 (D. Nev. June 22, 2015) (collecting cases that settlement

discussions do not constitute good cause for extensions). Third, Defendant has done no affirmative discovery to date and Plaintiff's efforts have been minimal. *But see Johnson*, 975 F.2d at 609 (extension requests require a showing of diligence).[1] Fourth, Plaintiff's attorneys appear to have overextended themselves with other litigation commitments. *But see Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, at *3-4 (D. Nev. June 3, 2015) (overextending oneself with other litigation commitments is not grounds to obtain relief from deadlines). Fifth, the stipulation seeks a lengthy 90-day extension, when the circumstances clearly do not warrant one and counsel acknowledged as much at the hearing.

In light of the circumstances, good cause has not been shown for a 90-day extension. In the interest of having this case decided on its merits, given the joint nature of the request, and as a <u>one-time courtesy</u>, the Court will allow a 30-day extension. Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: September 16, 2022
- Rebuttal experts: October 17, 2022
- Discovery cutoff: November 15, 2022
- Dispositive motions: December 15, 2022
- Joint proposed pretrial order: January 17, 2023, or 30 days after dispositive motions are resolved

IT IS SO ORDERED.

Dated: August 3, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff's counsel was unprepared at the hearing to answer basic questions about the status of discovery in this case, rendering it difficult to assess fully the nature of Plaintiff's discovery efforts. *But see* Fed. R. Civ. P. 16(f)(1)(B).